LING LIN, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2824–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney; James B. Clark III, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ling Lin, a native and citizen of the People's Republic of China, seeks review of a May 26, 2006 order of the BIA affirming the December 3, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Lin*, No. A 95 915 472 (B.I.A. May 26, 2006), *aff'g* No. A 95 915 472 (Immig. Ct. N.Y. City Dec. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ Material and substantial discrepancies in the record support the BIA's and IJ's adverse credibility determinations. First, the BIA and IJ properly relied on Lin's omission of her alleged forced abortion from her airport statement. Here, the statement was reliable because it appears to be a verbatim transcript, rather than a summary of the interview, and the immigration officer asked numerous questions to elicit information about any concerns Lin might have regarding returning to her country. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004). Additionally, the IJ accurately identified an inconsistency in Lin's testimony regarding how she learned that she was pregnant. Lin initially indicated that a private doctor informed her of the pregnancy, but later stated that she saw the private doctor only for flu symptoms and that staff at a government hospital told her she was pregnant. These discrepancies involved the crux of Lin's claim that she was forced to undergo an abortion due to an unauthorized pregnancy, and therefore substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

Further, the IJ reasonably found it implausible that Lin would not have taken precautions to hide her pregnancy, when she indicated that she planned to circumvent the family planning policy by giving birth to a child before she married and registered the marriage. Moreover, the IJ appropriately found Lin's testimony to be vague regarding why the police sought to arrest her after her abortion, and which addresses she and her father used in China. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003) (finding that where an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility").

**40**

Finally, to the extent that the IJ found that Lin's credibility was undermined by the absence of corroboration for her claim that the police were interested in her, this finding was proper. There was nothing in the record to indicate that the Chinese government used the police to enforce its family planning laws. Furthermore, Lin had already been brought into compliance with the family planning policy by undergoing the abortion, and, as the IJ noted, there was no evidence that she had even received administrative penalties, such as fines or compulsory birth control measures.

■ Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Furthermore, because Lin failed to raise the denial of her illegal departure and CAT claims in her brief to this Court, any challenge to the IJ's resolution of these claims is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.